IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| GILMAN LANDCO, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:15-cv-02295 |
| | ) | |
| AMERICAN ARBITRATION ASSOCIATION, INC., | ) | Hon. Colin Stirling Bruce |
| | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO
AMERICAN ARBITRATION ASSOCIATION, INC.'S MOTION FOR SANCTIONS
UNDER RULE 11 AND ILLINOIS SUPREME COURT RULE 137**

Plaintiff, Gilman Landco, LLC (hereafter "Landco"), by its attorneys, Robbins, Salomon & Patt, Ltd., for its response to the motion of Defendant American Arbitration Association (hereinafter "AAA") for sanctions, including attorneys' fees and costs pursuant to F.R.C.P. 11(c) and Illinois Supreme Court Rule 137(a)(hereinafter, the "Motion"), states as follows:

**INTRODUCTION AND SUMMARY**

AAA seeks sanctions against Landco under both Illinois Supreme Court Rule 137, based on Landco's filing of its verified complaint for declaratory judgment and injunctive relief (the "Complaint") in the Chancery Division of the Circuit Court for the Twenty-First Judicial Circuit, Iroquois County, Illinois, docketed as Case No. 2015 CH 47 (the "Lawsuit"); and under Federal Rule of Civil Procedure 11, for continuing to prosecute the Complaint, including opposing AAA's motion to dismiss, after AAA removed the Lawsuit to this Court.

Notwithstanding AAA's blatant attempt at getting two bites at this particular apple, neither bite is warranted. As described in greater detail below, this Court's dismissal of the Lawsuit two days before the expiration of Rule 11's 21-day "safe harbor" period for Landco's

1

withdrawing its objection to AAA's motion to dismiss moots that Rule 11 issue. And although Rule 137 is generally regarded as the Illinois equivalent of Rule 11, it has no "safe harbor" provision; and, more importantly, "Rule 11 does not grant district courts the authority to impose sanctions merely for signing and filing a state court complaint that the defendants have removed to federal court." *Schoenberger v. Oselka*, 909 F.2d 1086, 1087 (7th Cir. 1990)

Finally, the claims raised in the Complaint were most definitely warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law both at the time it was filed and following removal to this Court.

## RELEVANT UNCONTESTED FACTS

1. On November 5, 2015, Landco filed its Complaint in the Lawsuit.

2. The Complaint sought only declaratory and injunctive relief. No money damages were requested.

3. No other defendants besides AAA were named in the Lawsuit.

4. AAA filed its notice of removal to this Court on December 9, 2015, thereby stripping the Iroquois County Circuit Court of any further jurisdiction over the Lawsuit.

5. On December 30, 2015, AAA filed its motion seeking dismissal of the complaint with prejudice pursuant to Rule 12(b)(6), based on both the doctrine of arbitral immunity and on Landco's alleged lack of standing. On January 29, 2016, Landco filed a response in opposition to that motion.

6. On February 12, 2016, AAA served a copy of the Motion on Landco accompanied by notice that if Landco failed to withdraw its response to AAA's motion to dismiss, AAA would seek Rule 11 sanctions.

7. By its order of March 2, 2016 – two days before the expiration of Rule 11's 21-day "safe harbor" period for Landco to comply with AAA's demand – this Court granted AAA's

motion to dismiss solely based on arbitral immunity, expressly relying on two decisions from the Seventh Circuit Court of Appeals: *International Medical Group, Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833 (7th Cir. 2002) and *Tamari v. Conrad*, 552 F.2d 778 (7th Cir. 1977).

8.   On March 16, 2016, fourteen days after the Complaint was dismissed, AAA filed its Motion under Rule 11 and under Illinois Supreme Court Rule 137. The Motion asserts that Landco improperly filed its Complaint in the state court; and that Landco improperly opposed AAA's motion to dismiss in this Court.

## **DISCUSSION**

### I.   **AAA's Motion For Rule 11 Sanctions Was Mooted By The March 2, 2016 Order Dismissing Landco's Complaint.**

This Court's March 2, 2016 order dismissing the Complaint adjudicated all of Landco's claims in AAA's favor before the expiration of the 21-day "safe harbor" period within which Landco could withdraw its response/objection to AAA's dismissal motion without consequence. That order, having expressly considered Landco's arguments in its response/objection, effectively prevented Landco's withdrawal of its response/objection and thereby mooted the Rule 11 issue.

That leaves the Motion based on Rule 137, which may be "materially the same as Rule 11," *World Outreach Conference Ctr. v. City of Chicago*, 591 F.3d 531, 538 (7th Cir. 2009) but is not "the functional equivalent of Rule 11" – as AAA argues in its Rule 11 supporting memorandum – because, for example, Rule 137 does not have Rule 11's "safe harbor" provision.

Rule 137 standards also are more exacting than Rule 11 standards: "[T]o be entitled to sanctions, [movant] has the burden of proving not only that the allegations of the complaint were made without reasonable inquiry, but also that the allegations of the complaint are untrue."

*Burrows v. Pick*, 306 Ill. App. 3d 1048, 1055, 715 N.E.2d 792, 797 (1st Dist. 1999). Rule 137 "is not intended to penalize litigants and their attorneys merely because they were zealous, yet unsuccessful." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 6-7, 729 N.E.2d 75, 80 (1st Dist. 2004).

The Seventh Circuit, in *Schoenberger v. Oselka*, 909 F.2d 1086, 1087 (7th Cir. 1990), specifically held that Rule 11 does not grant a district court the authority to impose sanctions for anything done in other non-federal forums. "Thus, when Schoenberger signed and filed his complaint in state court, he was not subject to Rule 11." *Id.* The same ruling and reasoning applies with equal force to the Complaint filed in the Iroquois County circuit court before being removed to this Court.

Rule 11 also does not impose a continuing duty to update or correct papers that did not violate the Rule when signed or filed. *See Dahnke v. Teamsters Local*, 695, 906 F.2d 1192, 1201 (7th Cir. 1990) and *Hamer v. Lake County*, 819 F.2d 1362, 1370-71, n. 15 (7th Cir. 1987). And because Rule 81(c) provides that federal rules govern procedure in removed cases only *after* removal, those rules do not govern what occurred in the state court *before* removal. Fed.R.Civ.P. 81(c). "[S]ince Rule 11 did not govern Schoenberger's complaint when he signed and filed it, his signing the complaint could not have violated Rule 11." *Schoenberger*, 909 F.2d at 1088.

Finally, should this Court consider Rule 137 sanctions, an evidentiary hearing is necessary "to determine whether any untrue statement within [the Complaint] was made without reasonable cause…." *In re Marriage of Schneider*, 298 Ill. App. 3d 103, 109, 697 N.E.2d 1161, 1166 (1st Dist. 1998).

**II.  Landco's Complaint Was Warranted Under Existing Law Or A Good-Faith Argument For The Modification Of Existing Law.**

This Court granted AAA's motion to dismiss based solely on arbitral immunity, relying on only two decisions from the Seventh Circuit Court of Appeals: *International Medical Group,*

*Inc. v. American Arbitration Association, Inc.*, 312 F.3d 833 (7th Cir. 2002) and *Tamari v. Conrad*, 552 F.2d 778 (7th Cir. 1977). AAA, in its motion for leave to supplement filed January 12, 2016,[1] claimed that *IMG* was "the controlling decision" on this arbitral immunity issue.

The *IMG* plaintiffs, unlike Landco, sought not only declaratory and injunctive relief against the AAA and other "Non-AAA Defendants" but, also, money damages for abuse of process, malicious prosecution and bad-faith arbitration. Accordingly, the *IMG* court, at footnote 4 of the opinion, expressly limited its arbitral immunity determination solely to plaintiffs' tort claims seeking money damages:

> Our holding that the AAA is entitled to immunity applies to Count I of IMG's complaint…[for] damages for tortious actions including malicious prosecution, abuse of process and "bad faith arbitration…."

312 F.3d at 848, n. 4.

In that same footnote the court further held, albeit in *ipse dixit* fashion, that AAA "is obviously not a real party in interest" to the declaratory judgment and injunction counts, going on to hold that "IMG could obtain all of the relief it seeks [against AAA in those equitable counts] in its claims against the Non-AAA Defendants" who already were parties to that action. *Id.* Accordingly, the express language in footnote 4 demonstrated that court's effective refusal to apply arbitral immunity to claims for declaratory and injunctive relief – the only two types of claims contained in Landco's Complaint.

Respectfully, therefore, this Court overlooked the rationale of the *IMG* court's ruling articulated in footnote 4.

Moreover, unlike in *IMG,* in this case there are no "Non-AAA Defendants" because – as asserted by Landco and not controverted by AAA – any potential "Non-AAA Defendants" do

---

[1] Curiously, AAA needed to supplement its motion to dismiss with the decision of a case in which it was a party and was represented by the same counsel as in this case.

not appear to be subject to the jurisdiction of either Illinois courts or this Court.

*Tamari* is distinguishable on the basis that it was filed directly against the eight arbitrators named by the Chicago Board of Trade to resolve a commodities dispute between plaintiffs and a brokerage. That court upheld the district court's dismissal of plaintiff's claim "because we conclude that as arbitrators [the defendants] cannot be sued with respect to their authority to resolve a dispute." 552 F.2d 778, 780 (7th Cir. 1977). That court also noted that plaintiffs' action was:

> comparable to an attempt by a dissatisfied litigant to sue the members of a jury, seeking to obtain a declaration that the jury's verdict was void on the ground that the selection of the jury was improper.

*Id.* at 781.

In the instant case, on the other hand, Landco has sued no arbitrators because no arbitrators had been appointed at the time it filed the Complaint; and, therefore, no arbitral award had yet been issued.

Finally, the *Tamari* court noted that plaintiffs already had a suit pending against the brokerage to set aside the objectionable award, through which it can obtain the same basic relief it was denied by the district court in the decision from which they appealed. *Id.*

Accordingly, the significant differences between Landco's claims here and the claims of the plaintiffs in both *IMG* and *Tamari* demonstrate that Landco's claims were warranted under existing law or, at the very least, were a good-faith attempt to seek this Court's modification of or departure from those factually inapposite decisions.

### III. The AAA's "Second Administrative Decision" Did Not Conclusively Eliminate Landco As A Party To The Arbitration.

AAA contends that, even if the Complaint had a sufficient basis in law when filed, that basis evaporated with AAA's "Second Administrative Decision" – which AAA characterizes as

"[having] granted Landco the substantive relief that it sought…by removing Landco as a party to the Arbitration as an administrative matter." That is a patent falsehood.

As noted in Landco's response to the motion to dismiss, that "Second Administrative Decision" (a copy of which is attached hereto as Exhibit 1) on its face is expressly non-final:

> The parties are not precluded by this determination from raising the question of Gilman Landco's participation before the arbitrator once appointed.

Those "parties" clearly do not include Landco, which the AAA determined "should not be included on any future correspondence related to this matter" – presumably even any attempts by those parties to re-involve Landco in the arbitration or seek arbitral determinations that might be adverse or detrimental to Landco's interests.

The relief Landco was requesting in the Lawsuit, both in the circuit court and before this Court, was a formal adjudication and judgment that no arbitration could lawfully be administered by AAA against Landco, and the enjoining of AAA from administering such an arbitration. Accordingly, the "Second Administrative Decision" failed to provide anything close to such relief.

## IV. AAA's Motion Is Frivolous And Sanctionable.

*Boim v. Quranic Literacy Institute*, No. 00 C 2905, 2003 WL 1956132, at *6 (N.D. Ill. Apr. 24, 2003), specifically held that it is beyond a judge's authority under Rule 11 to award attorneys' fees for defending against motions to dismiss, but is within the judge's authority to award fees and costs incurred in responding to a frivolous Rule 11 motion.

AAA's filing of its Motion for sanctions 14 days *after* its motion to dismiss was granted, therefore, not only should be denied, but this Court can and should award Landco its fees and costs incurred in responding to that Motion.

7

WHEREFORE, for all the foregoing reasons, Plaintiff, Gilman Landco, LLC prays that this Court strike and dismiss AAA's Rule 11 motion for sanctions; and it further prays that this Court grant Landco a Rule 11(c)(1)(A) award for its attorneys' fees and costs incurred in responding to this frivolous sanctions Motion.

                        GILMAN LANDCO, LLC

               By:     /s/ Robert J. Trizna
                        One of Plaintiff's attorneys

L. Steven Platt (ARDC 3122005)
Robert J. Trizna (ARDC 3123760)
Tracy E. Stevenson (ARDC 6207780)
Robbins, Salomon & Patt, Ltd.
Attorneys for Plaintiff
180 N. LaSalle Street, Suite 3300
Chicago, IL   60601
(T) 312-782-9000
(F) 312-782-6690
lsplatt@rsplaw.com
rtrizna@rsplaw.com
tstevenson@rsplaw.com

12822344

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2016, I caused the electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Diane Frances Klotnia, dklotnia@millershakman.com
Daniel M. Feeney, dfeeney@millershakman.com
William J. Katt, wkatt@millershakman.com
Miller Shakman & Beem LLP
180 N. LaSalle Street, Suite 3600
Chicago, IL 60601

John E. Thies, jthies@webberthies.com
Webber & Thies PC
202 Lincoln Square
PO Box 189
Urbana, IL 61801

and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-CM/ECF participants: NONE.

/s/ Robert J. Trizna