UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **GILMAN LANDCO, LLC.,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15-CV-2295 |
| ) | |
| **AMERICAN ARBITRATION** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This case is before the Court for a ruling on Defendant's Motion for Sanctions (#27). Defendant seeks sanctions under Federal Rule of Civil Procedure 11(c) and Illinois Supreme Court Rule 137. Plaintiff has responded to the motion, challenging Defendant's assertion that sanctions are appropriate. Plaintiff has further requested that this court impose sanctions against Defendant for attorneys' fees and costs incurred in defending against the motion for sanctions.

First, this court will address Defendant's request for sanctions. Defendant alleges that Plaintiff violated Rule 11(b)(2) when it filed, and continued to prosecute, a frivolous lawsuit against Defendant. Plaintiff argues that, although ultimately dismissed, the lawsuit was not frivolous. Rule 11(b)(2) requires attorneys to certify that their "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Even though this court found that there

were "numerous cases which [] establish Defendant is entitled to arbitral immunity" and that "Plaintiff failed to cite a single case to support its position that arbitral immunity does not apply in this case[,]" this court does not believe Plaintiff's contentions were in violation of the mandate of Rule 11(b).  Therefore, sanctions under Rule 11(c) are not warranted.  This court further declines to award sanctions under Illinois Supreme Court Rule 137.  See *Peterson v. Randhava*, 729 N.E.2d 75, 80 (Ill. App. 2000) (Rule 137 "is not intended to penalize litigants and their attorneys merely because they were zealous, yet unsuccessful").

Second, this court denies Plaintiff's request for sanctions.  In its Response (#29), Plaintiff alleges that Defendant's motion for sanctions is frivolous.  As a result, Plaintiff contends that it is entitled to attorneys' fees and costs pursuant to Rule 11(c)(1).  However, this court does not find that Defendant's claims and contentions, although not successful, constitute a violation of Rule 11(b).  Therefore, this court finds that Plaintiff is not entitled to recover attorneys' fees and costs for defending the motion.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Sanctions (#27) is DENIED.

(2) Plaintiff's request for attorneys' fees and costs is DENIED.

(3) This case remains closed.

ENTERED this 3rd day of May, 2016

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE